STATE OF MAINE

YORK, ss.

AUG 2 2 11 PM '99

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-141

FREDERICK T. JELIN,

Plaintiff

v.                                        ORDER

HAROLD C. PACHIOS,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

AUG 7 2000

Pending are Defendant's Motion for Summary Judgment and Motion for Sanctions. They were heard on July 27, 2000. Following hearing and review of the memoranda and other materials filed in support and opposition thereto, the Defendant's Motion for Summary Judgment will be Granted and action on the Motion for Sanctions will be stayed.

The Motion for Summary Judgment is Granted because the Plaintiff has failed to file the statement of material facts in dispute as required by Rule 7(d)(2), M.R.Civ.P. Thus, the facts asserted by the moving party, here the Defendant, are deemed admitted. *Id.*, *Corey v. Norman, Hanson & Detroy*, 742 A.2d 933 (Me. 1999). In this case the Plaintiff is an attorney representing himself. Under Maine law non-lawyers are required to at least substantially comply with the procedural rules when representing themselves. Clearly, there is no unfairness in holding a *pro se* litigant who is a trained lawyer to the same standard.

At argument, the parties agreed to defer action on the Motion for Sanctions until a later time. This motion seeks to bar Plaintiff from filing similar law suits against Defendant without prior court approval. This issue is best dealt with once there is a final judgment in this action. *cf. ,Spickler v. Key Bank of Southern Maine*, 618 A.2d 204 (Me. 1992).

Pursuant to Rule 54(b)(1), M.R.Civ.P., I expressly determine that there is no just reason for delay and judgment should enter for Defendant on his Motion for Summary Judgment. Summary Judgment disposes of all the claims in this case except for the ancillary relief sought in Defendant's Motion for Sanctions.

The entry will be as follows:

1. On Defendant's Motion for Summary Judgment, the Motion is Granted and judgment will enter for Defendant on the Plaintiff's complaint. This judgment will enter forthwith.

2. On Defendant's Motion for Sanctions, action is deferred pending final judgment and the Superior Court retains jurisdiction to act on this motion if and when necessary.

Dated:        August 2, 2000

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF-PRO SE
FREDERICK T JELIN
16350 VENTURA BLVD #370
ENCINO CA   91436

FREDERICK T. JELIN
PO BOX 7006
CAPE PORPOISE ME   04014

DEFENDANT:
GERALF F. PETRUCCELLI ESQ
PETRUCCELLI & MARTIN
PO BOX 9733
PORTLAND ME   04104-5033

2

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-141
GRE - YOR - 5/14/2001

FREDERICK T. JELIN,

Plaintiff

v.

HAROLD C. PACHIOS,

Defendant

ORDER ON DEFENDANT'S
MOTION FOR SANCTIONS

On Motion of Defendant Harold C. Pachios, and after an evidentiary hearing, the Court finds and concludes that Plaintiff Frederick T. Jelin has engaged in a pattern of frivolous, abusive, and vexatious litigation, including the commencement and prosecution of <u>Lichtman et al. v. NRG Barriers</u>, Los Angeles County (California) Superior Court Case No. BC 148190 (April 15, 1996); <u>Jelin v. Preti, Flaherty et al.</u>, Los Angeles County (California) Superior Court (March 7, 1997); and this action.

The Court further finds and concludes that Mr. Jelin has been unable to articulate any viable theory giving rise to a cause of action against Mr. Pachios personally or his law firm; that certain pleadings filed in these various actions contain gratuitous, highly defamatory allegations; that he has demonstrated a pattern of obstructive conduct resulting in sanctions and that there is a substantial risk that he will continue to pursue a course of abusive and vexatious litigation against Mr. Pachios and his associates unless some reasonable but enforceable restriction is imposed on him. Therefore, it is ordered that:

1. Frederick T. Jelin be, and he is hereby, enjoined from commencing any legal or administrative proceeding or causing any such proceeding to be commenced in any jurisdiction against Mr. Pachios or any person serving as co-trustee with Mr. Pachios, his family members, his law firm, or any individual lawyers associated in any way with Mr. Pachios or his law firm, without first seeking and securing the approval of this Court;

2. That, before commencing any legal action or administrative proceeding against Mr. Pachios or any other person or entity covered by the terms of this Order, Mr. Jelin shall file in the office of the Clerk of the Superior Court in the County of York and State of Maine a Motion seeking such approval, along with a copy of this Order, and a copy of the initial pleading he seeks permission to file, all under seal;

3. That, at the time of filing of any such Motion, Mr. Jelin must also serve the Motion and all supporting papers on Harold Pachios according to Rule 4 of the Maine Rules of Civil Procedure. Mr. Pachios may file an opposition to the Motion not later than 21 days after the date of service of the Motion, and Mr. Jelin may file a reply memorandum within 7 days after the service of any opposition by Mr. Pachios; and

4. That the approval of the Court shall be granted upon a showing by Mr. Jelin that the initial pleading states a case against the opposing parties that is supported, at least prima facie, by admissible evidence presented to the court by Mr. Jelin at or before the time of hearing on the Motion. This Order may be incorporated by Reference on the Docket Pursuant to Rule 79(a) of M.R.Civ.P.

Date: May 14, 2001

_____
G. Arthur Brennan
Justice, Superior Court

PLAINTIFF: Pro Se
Frederick T. Jelin
PO Box 7006
Cape Porpoise Me 04014
and also
179 Langi Rd

DEFENDANT:
Gerald Petruccelli, Esq.
PETRUCELLI & MARTIN
PO Box 9733